**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| F.B. and M.B., et al., | |
| Plaintiffs, | Civil Action No. 4:22-cv-00152-RWS |
| | Honorable Rodney W. Sipple |
| v. | |
| Archdiocese of St. Louis, et al., | |
| Defendants. | **JURY TRIAL DEMANDED** |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO AMEND THE COMPLAINT**

**I.   INTRODUCTION.**

This action was brought to remedy the failure of the Archdiocese of St. Louis and one of its constituent parishes and schools to provide reasonable accommodations in school, and their actions, instead, to punish and retaliate against the student's family for their advocacy for their child's educational needs. Plaintiffs have moved, pursuant to the Court's scheduling order, for leave to amend the complaint to add additional families and to include claims against those families' parishes and schools.

Plaintiffs also seek leave to add claims against the defendants under Missouri state law. The initial complaint alleged violations of Section 504 of the Rehabilitation Act, 20 U.S.C. § 794, which obligates all recipients of federal financial assistance, including private and parochial elementary and secondary schools, to provide equal educational opportunity and reasonable opportunity to persons with disabilities whom they serve. After the complaint was filed, the United States Supreme Court held that damages for emotional distress are not available under

1

Section 504. Therefore, plaintiffs have asked that the Court exercise its supplemental jurisdiction over state law claims that would provide the children and families who seek such damages with the remedies they seek.

**II.    ARGUMENT**

    **A.    Because the Motion for Leave to Amend is Filed Within the Deadline Set by the Court's Scheduling Order, the Liberal Standard for Granting Leave to Amend in Fed. R. Civ. P. 15(a)(2) Applies.**

Rule 15(a)(2) states that when leave of court is required to amend a pleading, that is, when amendment is requested after the deadlines set forth in Rule 15(a)(1), the court should "freely give leave [to amend] when justice so requires." Here, plaintiffs have requested leave to amend the Complaint within the deadline set by the Court's scheduling order. In such circumstances, courts in this jurisdiction do not require the party seeking leave to amend to demonstrate good cause for the amendment. *See Moore v. Jefferson Capital Sys., LLC,* No. 4:15-CV-00418 JAR, 2017 U.S. Dist. LEXIS 100975, at *4-5 (E.D. Mo. June 29, 2017), *citing Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 716 (8th Cir. 2008); *Popoalii v. Correctional Med. Servs.,* 512 F.3d 488, 497 (8th Cir. 2008) (distinguishing between motions for leave to amend filed within the deadline set forth in the scheduling order, where the standard of Rule 15(a)(2) applies, and motions filed after the deadline has passed, when the "good cause" standard of Rule 16(b) for amending a scheduling order).

    **B.    The Court Should Grant Leave to Amend Since Defendants Will Not Be Prejudiced by the Amendment.**

When deciding whether to grant leave to amend a complaint, courts consider: "(1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile." *Scott v. Buray Energy Int'l,*

2

LLC, No. 4:12-CV-150 CAS, 2012 U.S. Dist. LEXIS 182126, 2012 WL 6726389, at *1 (E.D. Mo. Dec. 27, 2012) (citations omitted). A decision whether to grant amendment of the complaint is left to the sound discretion of the district court and should be reversed only for abuse of discretion. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citations omitted).

Consideration of the four factors cited above all support granting leave to amend the complaint. The proposed amendment would add families whose claims are remarkably similar to those of the parents who filed the original complaint. Adding claims on behalf of families requesting essentially the same relief sought by the original plaintiffs cannot represent bad faith. Rather, it represents an effort to obtain justice for families whose children have experienced similar harm. The proposed amendments also demonstrate that the discriminatory practices of the Archdiocese that caused the original plaintiffs to file their complaint affect more than a single family, a single parish or a single school, thus making it more likely than not that the remedies sought by the plaintiffs will benefit not only the plaintiff families but others as well.

Since plaintiffs have filed their motion within the timelines set by the Court and agreed to by all parties, they have not engaged in undue delay, and no dilatory motive can be imputed to them. *Caimi v. Daimlerchrysler Corp.*, No. 4:07-CV-1681 CAS, 2008 U.S. Dist. LEXIS 16116, 2008 WL 619220, at *1 (E.D. Mo. March 3, 2008). Defendants cannot show that they will experience prejudice from the proposed amendment. The addition of two more families with experiences similar to those of the original plaintiffs will not change the nature of the litigation nor significantly change the scope of discovery. In addition, courts must weigh any possible prejudice to the non-moving party against the prejudice to the moving party by not allowing amendment. *Id.* (citation omitted). Here, the moving parties, the original plaintiffs, would

3

experience prejudice if not allowed to amend, by losing their ability to maintain an action for damages, as well as their ability to present evidence of system-wide discriminatory practices that extend beyond their own school and parish.

Courts typically grant leave where the requested amendments are based on facts similar to the original complaint. *See Caimi v. Daimlerchrysler Corp.,* 2008 U.S. Dist. LEXIS 16116 at *1 (citation omitted). This is undeniably the case here, where the proposed additional plaintiffs raise the same claims under Section 504 of the Rehabilitation Act as the original plaintiffs. The only difference is the addition of state law claims that plaintiffs propose to add to preserve their right to damages for emotional distress, for those plaintiffs who have alleged such damages, in light of the decision of the United States Supreme Court in *Cummings v. Premier Rehab Keller, P.L.L.C,* 142 S. Ct. 1562 (April 28, 2022), holding that damages for emotional distress are not available under Section 504 of the Rehabilitation Act.

Judicial economy also supports plaintiffs' motion to amend. If the motion is denied, the other families could file their own separate lawsuits asserting the claims they seek to pursue in this case.

**III.   CONCLUSION.**

For the reasons set forth above, plaintiffs ask the Court to grant leave to amend the Complaint.

Respectfully submitted,

*/s/ Kenneth M. Chackes*
Kenneth M. Chackes, #27534MO
(Local Counsel)
KEN CHACKES, LLC
230 S. Bemiston Ave., Suite 510
St. Louis, Missouri 63105
   Phone: (314) 872-
   8420

4

Fax: (314) 872-7017
kchackes@chackes.com

Judith A. Gran
PA Attorney ID 40134
(appearing pro hac vice)
Reisman Carolla Gran & Zuba, LLP
19 Chestnut Street
Haddonfield, NJ 08033
Telephone: (856)-354-0061 Fax: (856) 873-5640
judith@rcglawoffices.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on the 12th day of July, 2022, the foregoing was filed with the Clerk of Court electronically, to be served by operation of the Court's electronic filing system upon all parties of record.

    *s/Kenneth M. Chackes*