# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| F.B. and M.B., individually and as natural Guardians and next friends of their children, L.B., I.B. E.B. and EI. B., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARCHDIOCESE OF ST. LOUIS, MISSOURI, et al.,<br><br>Defendants. | Case No. 4:22-cv-00152 |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

On February 8, 2022, Plaintiffs F.B., M.B., L.B. I.B., and E.B. (collectively, the "Original Plaintiffs") filed a Complaint against Defendants Archdiocese of St. Louis, Archbishop Mitchell T. Rozanski, and Our Lady of Lourdes Catholic Church, Washington ("Lourdes") (collectively, the "Original Defendants"), seeking damages for alleged violations of the Rehabilitation Act arising from the manner in which the faculty at Lourdes in Washington, Missouri managed L.B.'s purported ADHD diagnosis (the "Original Claims"). On July 12, 2022, the Original Plaintiffs sought leave to Amend their Complaint to add six new plaintiffs, two new defendants, and five new causes of action. **None** of the new plaintiffs are associated with the Lourdes school in any capacity. **None** of the new defendants have anything to do with the Original Plaintiffs' claims. **None** of the new claims share a single operative fact with the events described in the Original Claims.

The only reason why the new plaintiffs are ostensibly attempting to join in this lawsuit, as opposed to filing their own, is that they each make allegations against a catholic school located in the eastern half of Missouri. Such an amendment would result in undue prejudice to the Defendants and would unnecessarily obfuscate the proceeding by forcing the parties to simultaneously defend claims brought by three unrelated groups of plaintiffs against entirely different schools with entirely different faculty located in entirely different cities. There is simply no appropriate reason whatsoever for the new parties or claims to be joined to this case. The Motion should be denied.

**I.     The Court Should Deny Leave When A Proposed Amendment Seeks to Add Unrelated Parties Or Claims**

It is well settled that whether to grant leave to amend pleadings pursuant to Rule 15(a) "is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971). But "in deciding whether to permit such an amendment, the trial court [i]s required to take into account any prejudice that [the nonmoving party] would have suffered as a result…." *Id*. at 330-31. In evaluating a proposed amendment under this standard, Courts in this Circuit have repeatedly determined that denial of leave to amend is proper if the amendment seeks to add new unrelated parties or claims to the case. *See, e.g., Jones v. Moore*, 56 F.3d 68 (8th Cir. 1995) ("[T]he district court did not abuse its discretion in denying leave to amend because the amendment sought to add new parties and unrelated claims."); *Fuller v. Sec'y of Def. of U.S.*, 30 F.3d 86, 89 (8th Cir. 1994) (affirming denial of leave to amend when the plaintiff attempted to add new parties with "claims arising from fundamentally different facts"); *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992) (affirming denial of leave to amend when the plaintiff attempted to add new defendants with negligeable relation to the events at issue in the original complaint); *Doering v. Kelley*, 770 F. App'x 768 (8th Cir. 2019) ("We conclude the district court did not abuse its discretion in denying … leave to amend [the] complaint, as the proposed amendments sought to add defendants and

substantially new claims.").

As is discussed in full below, this is exactly the situation presently before the Court.

## II. The Proposed Amended Complaint Contains Three Distinct Groups Of Potential Plaintiffs With Distinct Factual Allegations Against Separate Schools

The proposed Amended Complaint contains three distinct groups of plaintiffs. Each set of plaintiffs is located in a different city and has made a distinct set of factual allegations against their own respective school. Indeed, the claims filed by new plaintiffs Peter Hanrahan, Becky Hanrahan, P.H., and R.H. (collectively, "P.H.") arise from P.H.'s expulsion from St. Genevieve du Bois Parish ("St. Genevieve") in Warson Woods, Missouri. The claims filed by new plaintiffs S.C. and B.Y. (collectively, "B.Y.") arise from the manner in which the faculty at Immaculate Conception Catholic Church in Union, Missouri ("Immaculate Conception") allegedly responded to the fact that B.Y. "may have been" suffering from anxiety. The claims of P.H. and B.Y. have nothing to do with Lourdes, the faculty at Lourdes, or the particular events alleged by the Original Plaintiffs in the original Complaint.

Rather than focusing on the events that took place at Lourdes and the conduct of its faculty, the amendment would alter the focal point of the case to various independent events that allegedly took place at St. Genevieve and Immaculate Conception. Indeed, while all plaintiffs now attempt to bring the same causes of action against each school, it is without question that each group of plaintiffs' claims arises from an entirely distinct set of underlying facts. This is the key inquiry for the Court and warrants denial of the Motion. To be sure, the Eighth Circuit has made clear that denial of leave to amend is proper when a plaintiff has "attempted to add numerous new defendants, many with little connection with any of the events set out in the original complaint." *Brown v. Wallace*, 957 F.2d at 566. Rather, "it would be inefficient and possibly confusing to add defendants and claims which had nothing to do with the original complaint." *Id.* "Justice does not

3

require a district court to allow a defendant to alter his complaint in such a manner." *Fuller*, 30 F.3d at 89.

This is particularly true in circumstances such as this where the movants can still bring the improper claims in a separate action without prejudice. *See Wishon v. Gammon*, 978 F.2d 446, 448 (8th Cir. 1992) ("The dental treatment claim is unrelated to Wishon's other claims, and Wishon has not been prejudiced by the denial of leave to file an amended complaint because he may raise the dental treatment claim in a different suit.").

In short, the proposed Amended Complaint would severely prejudice Defendants, in that it would "substantially change[] the focus of the action and … [be] confusing and inefficient." *Fuller*, 30 F.3d at 89. Meanwhile, the Plaintiffs would not be prejudiced or endure hardship of any kind by a denial of the Motion since the new plaintiffs can simply bring their new claims against the new defendants in a separate lawsuit. Leave to amend is therefore improper under the circumstances.

## **CONCLUSION**

For the reasons set forth above, the Motion for Leave to Amend should be summarily denied.

Respectfully submitted,

CARMODY MACDONALD P.C.

By:    /s/ Ryann C. Carmody
      Gerard T. Carmody, #24769MO
      Ryann C. Carmody, #56831MO
      Ryan M. Prsha, #70307MO
      120 South Central Avenue, Suite 1800
      St. Louis, Missouri 63105
      Telephone (314) 854-8600
      Facsimile (314) 854-8660
      gtc@carmodymacdonald.com
      rcc@carmodymacdonald.com
      rmp@carmodymacdonald.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of July, 2022, the foregoing was filed with the Clerk of Court electronically, to be served by operation of the Court's electronic filing system upon all parties of record.

                                                                    /s/ Ryann C. Carmody