**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| F.B. and M.B., et al., | |
| Plaintiffs, | Civil Action No. 4:22-cv-00152-RWS |
| | Honorable Rodney W. Sipple |
| v. | |
| Archdiocese of St. Louis, et al., | |
| Defendants. | **JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION TO RECONSIDER ORDER
REGARDING MOTION TO AMEND THE COMPLAINT**

**I.   INTRODUCTION**

On July 28, 2022, this Court entered its Order granting in part and denying in part Plaintiffs' Motion for Leave to Amend the Complaint. Plaintiffs filed the motion to amend on July 12, 2022. Defendants filed their memorandum in opposition on July 19, 2022. Plaintiffs were preparing to file a reply memorandum within ten days thereafter, by July 29, 2022 (pursuant to Local Rule 4.01(C)), but the Court ruled on the motion before Plaintiffs were able to do so. This Motion to Reconsider contains the arguments that Plaintiffs intended to make in their reply memorandum.

Plaintiffs, F.B., M.B. and their children, brought this action against the Archdiocese of St. Louis, its Archbishop and one of its constituent parishes to obtain a remedy for the defendants' discrimination against one of the family's children, L.B., by reason of her disability and their retaliatory actions against the other family members for the parents' advocacy for L.B.'s rights. While L.B. was a student in a parish school within the Archdiocese, the school first

1

acknowledged and accommodated her disability, then withdrew the accommodations and eventually expelled her and her siblings in retaliation for her parents' advocacy. Defendants have answered the Complaint, and discovery has begun but is very far from complete.

On July 12, 2022, plaintiffs moved to amend the complaint to add two additional families, both of whom experienced similar discrimination and retaliation in the schools of the Archdiocese. Plaintiffs also proposed to add state law claims to provide a remedy in damages that no longer is available under federal law due to a decision by the U.S. Supreme Court after the Complaint was filed. The defendants opposed the proposed amendments, arguing that they would be prejudiced by the addition of new plaintiffs and defendants. Plaintiffs reply to defendants' response as follows.

**II.    ARGUMENT.**

**A.    The Proposed Plaintiffs Do Not Raise Unrelated Claims.**

As originally brought, this is a case against the Archdiocese of St. Louise, a province of the Catholic Church, and one of its constituent parishes. The proposed amendments would add two other constituent parishes of the Archdiocese. As alleged in the original Complaint,

> The Archdiocese is responsible for oversight of the Catholic schools within the archdiocese. It exercises this responsibility through its Office of Catholic Education and Formation. Education in the schools of the Archdiocese is overseen by a Superintendent for Elementary Education, a Superintendent for Secondary Education, and a network of regional superintendents. The Archdiocese has a Department of Special Education and has issued guidance in how to support students with disabilities using a teacher-consultant model. The schools of the Archdiocese are expected to adhere to the National Standards and Benchmarks for Effective Catholic Elementary and Secondary Schools in governance and leadership, academic excellence, and accountability.

Proposed Amended Complaint ¶ 32. Under the canon law of the Catholic Church, Code of Canon Law, Canon 806 § 1, the Archbishop of the Archdiocese is responsible for visiting the Catholic schools of the Archdiocese, for recommending curriculum, and for issuing directives for the general regulation of Catholic schools of the Archdiocese. *Id.* ¶ 33.

2

Thus, the original defendants and the proposed defendants are part of a single system of Catholic elementary and secondary education, including special education, directed and guided by the Archdiocese and its Archbishop. Many of the claims of the original plaintiffs and the proposed plaintiffs are identical. All sue for relief from discrimination on the basis of disability, from denial of an equal opportunity to receive a Catholic education, and from failure and refusal reasonably to accommodate their disabilities. None received the benefit of the procedural safeguard the defendants are obligated to provide as recipients of federal financial assistance who provide special education.

This case is fundamentally different from the cases on which the defendants rely. In *Fuller v. Sec'y of Defense,* I30 F.3d 86, 88-89 (8th Cir. 1994), the plaintiffs sought to add not only additional defendants but substantially different claims against those defendants based on different facts. Here, the claims against all defendants are the same. In *Fuller,* the Court of Appeals held that the new claims against new defendants changed the focus of the case from an action challenging the decision of the Secretary of Defense to retire the plaintiff at a certain military rank to a sprawling case against ten additional defendants raising a variety of constitutional claims. In additional, the district court denied leave to amend because amendment would be futile.

In *Brown v. Wallace*, 957 F.2d 564, 565 (8th Cir. 1992), the plaintiff sought to add thirty-eight additional defendants, including staff from the guard units, the mail room, administration, the commissary, and the medical unit and failed to allege sufficient facts to connect the proposed defendants with the claims for medical neglect alleged in the original complaint. The proposed amendments raised unrelated claims including abuse by the guards and improper handling of the plaintiff's mail.  Similarly, in *Doering v. Kelley*, 770 F. App'x 768, 768 (8th Cir. 2019), the plaintiffs attempted to add numerous additional defendants and additional claims that had little or no relation to the claims alleged in the original complaint. In addition, the district court had dismissed the original complaint because it failed to allege facts showing that any of the

3

defendants had failed to provide a reasonable response to a known substantial risk of serious harm, the plaintiff's original claim.

It is telling that the defendants' response to plaintiffs' motion does not even mention the Archdiocese after the second sentence of the response, in which defendants identify the parties in the case. The effect is to attempt to convert this action into a case against an individual parish, rather than against components of the Archdiocese's system of Catholic education.

**B. Defendants Have Failed to Assert Sufficient Reason for Denying Leave to Amend the Complaint.**

Under the liberal standard of Rule 15(a), leave to amend "should normally be granted absent good reason for a denial." *Crump v. Boester*, No. 4:14 CV 1975 RWS, 2015 U.S. Dist. LEXIS 164826, at *3 (E.D. Mo. Dec. 9, 2015), *citing Popp Telcom v. Am. Sharecom, Inc.,* 210 F.3d 928, 943 (8th Cir. 2000). "The classic 'good reasons' for rejecting an amendment are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment. …'" *Id.* Here, as in *Crump v. Boester*, none of these "good reasons" for rejecting proposed amendments are present. Plaintiffs have not been dilatory, not have they delayed or acted in bad faith. They have not failed repeatedly to cure deficiencies in their pleading – indeed, defendants have not identified any such deficiencies – and they have failed to identify any prejudice that would justify denial. *Crump v. Boester* at *3-6.

Proposed amendments that would present grounds for denial on the basis of prejudice might include a new theory of recovery after the case has substantially been litigated, or after discovery has closed, and amendments based on different factual and legal issues than the allegations in the original complaint. *See Harvey v. Great Circle*, No. 4:19-CV-00902 NAB, 2021 U.S. Dist. LEXIS 191956, at *4 (E.D. Mo. Oct. 5, 2021); *Hubbard v. St. Louis Psychiatric*

4

*Rehab. Ctr.*, No. 4:11-CV-2082-JAR, 2013 U.S. Dist. LEXIS 113231, at *5-7 (E.D. Mo. Aug. 12, 2013); and *Rainy Lake One Stop v. Marigold Foods (in Re: Milk Prods. Antitrust Litig.)*, 195 F.3d 430, 438 (8th Cir. 1999) (denying leave to amend where the amendments would have required reopening class discovery). A trial continuance of "at least several months" has been found insufficient to establish undue prejudice to defendants. *Pipeline Prods. v. S&A Pizza, Inc.*, No. 4:20-00130-CV-RK, 2021 U.S. Dist. LEXIS 197991, at *10 (W.D. Mo. Oct. 14, 2021)

The Court should also consider whether any asserted prejudice can easily be cured, *see Grantham v. SLB Toys USA, Inc.*, No. 08-3466-CV-S-GAF, 2010 U.S. Dist. LEXIS 147599, at *6-7 (W.D. Mo. Mar. 23, 2010), and whether denial of the proposed amendments will result in prejudice to the moving party, *see Harvey v. Great Circle, supra,* at *4, *citing Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 644 F.2d 690, 694 (8th Cir. 1981). As defendants acknowledge, denying leave to amend would require the proposed plaintiffs to file separate lawsuits against the Archdiocese as well as their respective parishes. Filing separate lawsuits would raise the cost of litigation for each family and would create the risk of inconsistent adjudications against the Archdiocese. Certainly, judicial economy militates in favor of granting leave to amend.

### III.   CONCLUSION.

For the foregoing reasons, plaintiffs' motion to amend the complaint should be granted.

Respectfully submitted,

*/s/ Kenneth M. Chackes*
Kenneth M. Chackes, #27534MO
(Local Counsel)
KEN CHACKES, LLC
230 S. Bemiston Ave., Suite 510
St. Louis, Missouri 63105
Phone: (314) 872-8420
Fax: (314) 872-7017
kchackes@chackes.com

>Judith A. Gran
>PA Attorney ID 40134
>(appearing pro hac vice)
>Reisman Carolla Gran & Zuba, LLP
>19 Chestnut Street
>Haddonfield, NJ 08033
>>Telephone: (856)-354-0061
>>Fax: (856) 873-5640
>>judith@rcglawoffices.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 28th day of July, 2022, the foregoing was filed with the Clerk of Court electronically, to be served by operation of the Court's electronic filing system upon all parties of record.

>*/s/Kenneth M. Chackes*