IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| F.B. and M.B., et al., ) | |
| ) | Case No. 4:22-cv-00152 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ARCHDIOCESE OF ST. LOUIS, ) | |
| MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER
ORDER REGARDING MOTION TO AMEND THE COMPLAINT**

On July 28, 2022, Plaintiffs filed a Motion to Reconsider an order entered earlier that day, which denied their Motion for Leave to Amend the Complaint in part by refusing to add the additional claims of two additional unrelated families against two entirely different schools for purported damages arising out of entirely different events. Plaintiffs now attempt to second guess this Court's judgment with what they admit was initially drafted as a reply to Defendants' Memorandum in Opposition to the Motion for Leave. Plaintiffs' Motion to Reconsider fails as (1) Plaintiff fails to demonstrate a basis to amend or alter the Order and (2) the Court was well within its discretion to deny the motion.

**I.     PLAINTIFF'S MOTION TO RECONSIDER FAILS TO SET FORTH A BASIS FOR ALTERING OR AMENDING THE ORDER**

There is no "motion for 'reconsideration' in the Federal Rules of Civil Procedure." *Bass v. United States Dep't of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000). Rather, if filed within ten days of the district court's order, such a motion is typically construed as filed pursuant to Rule 59(e). *See id*. A Rule 59(e) motion may only be granted if the moving party demonstrates any of the following: (1) the order was based upon a manifest error of law or fact; (2) there is newly

discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) there is an intervening change in controlling law. *See* Wright & Miller, Federal Practice and Procedure, § 2810.1 (2d ed. 1995).

Plaintiffs fail to make the argument that – much less demonstrate that – any of the above apply. Plaintiffs' sole argument is that the claims are not unrelated and thus judicial economy favors granting the Motion for Leave. Due to Plaintiffs' failure to set forth sufficient grounds to revisit the order, Plaintiffs' Motion to Reconsider should be denied.

## II. THE COURT WAS WITHIN ITS DISCRETION WHEN DENYING THE MOTION TO LEAVE TO AMEND

It is well settled that whether to grant leave to amend pleadings pursuant to Rule 15(a) "is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971). In evaluating a proposed amendment under this standard, Courts in this Circuit have repeatedly determined that denial of leave to amend is proper if the amendment seeks to add new unrelated parties or claims to the case. *See, e.g., Jones v. Moore*, 56 F.3d 68 (8th Cir. 1995) ("[T]he district court did not abuse its discretion in denying leave to amend because the amendment sought to add new parties and unrelated claims."); *Fuller v. Sec'y of Def. of U.S.*, 30 F.3d 86, 89 (8th Cir. 1994) (affirming denial of leave to amend when the plaintiff attempted to add new parties with "claims arising from fundamentally different facts"); *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992) (affirming denial of leave to amend when the plaintiff attempted to add new defendants with negligeable relation to the events at issue in the original complaint); *Doering v. Kelley*, 770 F. App'x 768 (8th Cir. 2019) ("We conclude the district court did not abuse its discretion in denying … leave to amend [the] complaint, as the proposed amendments sought to add defendants and substantially new claims.").

Although Plaintiffs' couch the proposed additional claims as "against components of the Archdiocese's system of Catholic education," nothing connects these claims other than the fact that the proposed defendants are catholic. Plaintiffs' proposed amended complaint would entirely change the makeup of this case by effectively forcing three separate lawsuits (each with different plaintiffs filing claims against different schools) to proceed as one. As the Court properly determined, the facts and events underpinning the new proposed Plaintiffs' claims are entirely unrelated to those presently at issue in the case.  The Eighth Circuit has made clear that denial of leave to amend is proper when "it would be inefficient and possibly confusing to add […] claims which had nothing to do with the original complaint." *Brown v. Wallace*, 957 F.2d at 566. Therefore, Plaintiffs' Motion for Leave to Amend was improper under the circumstances and denial of the Motion was within the Court's discretion.

## **CONCLUSION**

For the reasons set forth above, the Motion to Reconsider must be denied.

        CARMODY MACDONALD P.C.

By:    /s/ Ryann C. Carmody
       Gerard T. Carmody, #24769MO
       Ryann C. Carmody, #56831MO
       Ryan M. Prsha, #70307MO
       120 South Central Avenue, Suite 1800
       St. Louis, Missouri 63105
       Telephone (314) 854-8600
       Facsimile (314) 854-8660
       gtc@carmodymacdonald.com
       rcc@carmodymacdonald.com
       rmp@carmodymacdonald.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on the 2nd day of August 2022, the foregoing was filed with the Clerk of Court electronically, to be served by operation of the Court's electronic filing system upon all parties of record.

                   /s/ Ryann C. Carmody