IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| F.B. and M.B., et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>Archdiocese of St. Louis, et al.,<br><br>           Defendants. | Civil Action No. 4:22-cv-00152-RWS<br>Honorable Rodney W. Sipple<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MEMORANDUM OF LAW
IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL**

**I. INTRODUCTION.**

Plaintiffs, F.B., M.B. and their children have responded in opposition to the Motion to Compel of Defendants Archdiocese of St. Louis, Our Lady of Lourdes Parish and School, and Archbishop Mitchell T. Rozanski (collectively "Defendants"), ECF 58. The Defendants' Motion was filed pursuant to Federal Rule of Civil Procedure 37 and seeks an order to Plaintiffs to execute releases allowing defendants to obtain medical and counseling records directly from providers that have served each of the respective plaintiffs. Defendants also seek an order compelling the production of diaries and journals that may have been kept by the family's four daughters. As we shall show below, neither request is well-taken. Plaintiffs should be allowed to complete the process of obtaining the documents responsive to Defendants' discovery requests. Defendants' Motion should be denied.

**II. ARGUMENT.**

1

**A.     An Order to Plaintiffs to Execute Releases of Medical Records is Unnecessary.**

Concerning the request for medical and counseling records, the issue before the Court is narrow: Whether the Plaintiffs, who have agreed to produce records responsive to Defendants' discovery requests that are presently in the custody of third party providers, can be compelled to execute an authorization and release allowing the Defendants free rein to obtain not only records that are responsive to their discovery requests, but also those that are not. We submit that Plaintiffs should not be ordered to execute such a release unless it becomes clear that they have failed or refused to produce the relevant documents. That is the standard process for responding to a Request for Production of Documents under Rule 34, Fed. R. Civ. P., and no reason exists to depart from it here.

To support its request for an order to Plaintiffs to execute releases, Defendants' Motion employs a strategy of conflating refusal to produce records with refusal to execute releases. Plaintiffs have emphatically not refused to produce any medical or counseling records.  To the contrary, they are actively working to obtain the records that are not currently in their possession but are under their control, so that they may produce discoverable records to Defendants. Plaintiffs' position has been consistent: They have submitted releases for the relevant records to their medical and counseling providers and will produce all discoverable documents that they obtain from those providers.

It is important to note what this dispute is not about. It is not about the scope of discovery under Rule 26. The parties agree that discovery may include "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Defendants' Memorandum in Support of Their Motion to Compel (hereinafter "Def. Mem") at 2, *quoting* Fed. R. Civ. P. 26. The dispute is not about the discoverability of medical and counseling

2

records, as was the case in *Calder v. TCI Cablevision of Mo., Inc.*, Case No. 4:99CV01005(CEJ), 2000 U.S. Dist. LEXIS 21558, at *2 (E.D. Mo. July 21, 2000), where the Plaintiff objected to requests for medical records as protected by physician-patient privilege and attorney-client privilege and was ordered to sign releases. Plaintiffs agree that medical and counseling records are discoverable if they are relevant to the party's claims or defenses. It is not about whether Plaintiffs have put their emotional response to Defendants' actions (not simply failing to accommodate L.B. but expelling her and her sisters in retaliation for their parents' advocacy for implementation of an agreed-upon accommodation plan) at issue. We agree that they have. It is not about whether the Court has authority to order a party to execute a release of medical records. The Court has that authority, although at least one court in this Circuit has called it an "expansive reading" of Rule 34, Fed. R. Civ. P.  *See Flowers v. United States*, No. 17-1028-CV-W-HFS, 2019 U.S. Dist. LEXIS 91487, at *6-7 (W.D. Mo. Apr. 18, 2019). *See also Wilson v. Preferred Family Healthcare, Inc.,* No. 2:21-CV-79 RLW, 2022 U.S. Dist. LEXIS 106383, at *7-8 (E.D. Mo. June 15, 2022); *Molina v. City of St. Louis*, No. 4:17-cv-2498-AGF, 2020 U.S. Dist. LEXIS 112940, at *4-7 (E.D. Mo. June 26, 2020) (ordering plaintiff to sign medical releases). It is also important to note that in some of the cases in which courts ordered a party to sign releases of records, that method of providing access to the records was ordered because it was easier and more convenient for the party asked to produce records. *See Flowers v. United States* at *6-7.

Yet the obligation to produce medical and counseling records is not unlimited. As courts have stated, "the potential for abuse under the broad waiver approach is substantial." *Fitzgerald v. Cassil*, 216 F.R.D. 632, 638 (N.D. Cal. 2003), *citing Burrell v. Crown Cent. Petroleum*, 177 F.R.D. 376, 383 (E.D. Tex. 1997), where the court took note in the context of Rule 26 of the

3

"tremendous potential for abuse that exists when a defendant has unfettered access to a plaintiff's medical records"), and *Smith v. J.I. Case Corp.*, 163 F.R.D. 229, 232 (E.D.PA 1995)

The medical and therapeutic records of any individual are likely to contain material that is unrelated to the claims or defenses the parties have in a particular case. That is likely to be the case here, where the records of six different persons are at issue, including three teenagers, a young adult and a father with a significant medical history, nearly all of it pertaining to physical conditions that have nothing to do with emotional distress. Although courts in this District have been quite liberal in their willingness to order broad discovery, including the execution of releases, they have recognized that limits are appropriate. *See, e.g., Molina v. City of St. Louis*, No. 4:17-cv-2498-AGF, 2020 U.S. Dist. LEXIS 112940, at *4-7 (E.D. Mo. June 26, 2020) (rejecting a blanket request for physical health records as overly broad); *Bates v. Delmar Gardens N., Inc.,* No. 4:15-cv-00783-AGF, 2016 U.S. Dist. LEXIS 84286, at *12-14 (E.D. Mo. June 29, 2016) (collecting cases). Other courts have held likewise. *See Holter v. Wells Fargo & Co.,* 281 F.R.D. 340, 343 (D. Minn. 2011) and *Sweet v. Sweet*, 2005-Ohio-7060, ¶¶ 15-17 (Ct. App.). In *Sweet,* a state court of appeals reversed a lower court's order requiring execution of a blanket release of health records, holding that the opposing party was not entitled to "evidence not relating causally or historically to mental or physical conditions" relevant to the claims and defenses in the case.

In addition, claims based on "garden variety emotional distress," that is, the "ordinary and commonplace emotional distress" that is "simple or usual," as compared to complex distress resulting in a specific psychiatric disorder, *see Fitzgerald v. Cassil,* 216 F.R.D. 632, 637 (N.D. Ca. 2003), do not trigger discoverability of medical records. *See Eggering v. MHP, Inc.*, No. 4:10CV01794 AGF, 2011 U.S. Dist. LEXIS 139237, at *5 n.1 (E.D. Mo. Dec. 5, 2011). In *State*

4

*ex rel. Dean v. Cunningham*, 182 S.W.3d 561, 568 (Mo. 2006), the state Supreme Court held that although the plaintiff's discovery responses precluded her from offering evidence that she sought treatment for emotional distress and any evidence that she has any diagnosable condition allegedly resulting from the acts of discrimination or harassment, she could seek damages for "emotional distress of a generic kind," that is, "the kind of distress or humiliation that an ordinary person would feel in such circumstances." Such damages are "generally in the common experience of jurors and do not depend on any expert evidence." In such a case, evidence of a medical or psychological diagnosis of a medical condition is irrelevant to whether the plaintiff suffered "garden variety" emotional distress as a result of the defendants' discriminatory conduct. Similarly, the plaintiff's past or present mental or physical health and history are not relevant to claims for garden variety emotion distress.

    In the present case, the actions of defendants are exactly the type of conduct likely to cause "garden variety" emotional distress. In the case of the family's daughters, expulsion from school, loss of friendships, exclusion from the social circles and activities of their former friends, and the humiliation of being labelled a failure and suddenly becoming an outcast from their former community, are experiences that any juror can understand without testimony by medical experts. In the case of the parents, the agony of watching their children's exclusion and mortification and being helpless to make it better, and the humiliation of being shunned by former friends associated with Lourdes, are also experiences that a juror can understand and evaluate without expert testimony. Plaintiffs' review of the counseling records, which they have requested but to which they do not yet have access, will enable them to determine which, if any, of the family members have a diagnosable psychiatric condition and which experienced emotional distress of the "garden variety."

### B. Plaintiffs Are Responding Cooperatively to Defendants' Discovery Requests.

Defendants' suggestion that Plaintiffs have refused to produce documents responsive to Defendants' discovery requests is flatly untrue. Plaintiffs have not and are not refusing to produce documents in response to Defendants' requests that are in fact discoverable. Plaintiffs' declination to execute a release is not a refusal to produce responsive documents. Plaintiffs have emphatically not refused to produce any medical or counseling records. As stated above, they are actively working to obtain the records that are not currently in their possession but are under their control, so that they may produce discoverable records to Defendants. Plaintiffs' position has been consistent: They have requested the relevant records and will produce all discoverable documents that they obtain from medical or counseling providers.

Both in their initial response to Defendants' Request for Production of Documents and in subsequent supplemental responses as Plaintiffs have retrieved responsive documents, Plaintiffs have produced thousands of pages of documents to Defendants and have submitted authorizations and releases to their counseling providers so that they may produce relevant documents to defendants. Plaintiffs' counsel reviewed a large volume of medical records for F.B. and determined that the records contained no information pertinent to F.B.'s claim in Paragraph 75 of the Amended Complaint, ECF 27, that "As a result of the emotional distress caused by the expulsion, the false rumors and the defamatory statements discussed above, F.B. experienced an exacerbation of a medical condition that causes severe pain." Plaintiffs offered to stipulate to the absence of any material in F.B.'s medical records that supported F.B.'s claim in Paragraph 75, but Defendants declined the offer.

### C. Defendants' Demand for Unfettered Access to Plaintiffs' Records Lacks Necessary Safeguards.

6

If the Court does decide to order Plaintiffs to execute releases, it should combine that with an order to the parties to execute a protective order. *See Stevens v. City of St. Louis*, No. 4:10CV0951 JCH, 2011 U.S. Dist. LEXIS 130216, at *1-2 (E.D. Mo. Nov. 10, 2011); *EEOC v. Danka Indus.,* 990 F. Supp. 1138, 1140 (E.D. Mo. 1997). If any question exists about the discoverability of any Plaintiffs' medical records, the Court may review the records in camera. *See Sweet v. Sweet*, 2005-Ohio-7060, ¶¶ 15-17 (Ct. App.)

### III. CONCLUSION.

For the foregoing reasons, Plaintiffs respectfully request that the Motion to Compel be denied.

Respectfully submitted,

/s/ Kenneth M. Chackes
Kenneth M. Chackes, #27534MO
(Local Counsel)
KEN CHACKES, LLC
230 S. Bemiston Ave., Suite 510
St. Louis, Missouri 63105
　　Phone: (314) 872-8420
　　Fax: (314) 872-7017
　　kchackes@chackes.com

Judith A. Gran
PA Attorney ID 40134
(appearing pro hac vice)
Reisman Carolla Gran & Zuba, LLP
19 Chestnut Street
Haddonfield, NJ 08033
　　Telephone: (856)-354-0061
　　Fax: (856) 873-5640
　　judith@rcglawoffices.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of January, 2022, the foregoing was filed with the Clerk of Court electronically, to be served by operation of the Court's electronic filing system upon all parties of record.

/s/ *Judith A. Gran*

7