UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| F.B. and M.B., individually and as Natural guardians and next friends of their child, L.B.,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>OUR LADY OF LOURDES PARISH AND SCHOOL,<br><br>　　　Defendant, | Case No. 4:22 CV 152 RWS |

## MEMORANDUM AND ORDER

On February 8, 2022, Plaintiffs F.B. and M.B. filed this case on behalf of themselves and their children asserting multiple claims. On June 27, 2023, Plaintiffs filed their second amended complaint asserting a claim solely under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, et seq. Specifically, Plaintiffs assert that Defendant Our Lady of Lourdes Parish and School (Lourdes) violated Section 504 by failing to comply with various procedural standards and requirements mandated in Section 504's implementing regulations. In response Lourdes filed a motion to dismiss asserting that Section 504 does not create a private right of action for claims based solely on an alleged failure to comply with the procedural standards and requirements of the implementing regulations. Because I find that Section 504 does not provide for such a private right of action, I

will grant Lourdes' motion to dismiss.

*Background*

I have previously recounted the factual background of this lawsuit in my February 6, 2023 order, granting Lourdes' motion to dismiss Plaintiffs' state law claims.  An abbreviated account is Plaintiffs allege that Plaintiffs' daughter L.B. had a history of reduced vision and was diagnosed with ADHD in third grade.  She took medications for that condition but experienced adverse side effects.  Plaintiffs allege that L.B. struggled with academic work at school, with fine motor skills, and with organizational skills and routines of daily living at school and at home.  In December 2015, when L.B. was midway through fifth grade, her parents had L.B. receive a cognitive and academic evaluation from the St. Louis Learning Disabilities Association, Inc.  The evaluation revealed that L.B.'s cognitive abilities were in the high average range.  However, her abilities were unevenly developed.  The psychiatrist who conducted L.B.'s cognitive and academic evaluation concluded that L.B.'s academic difficulties were due to processing deficits in aspects of her working memory that made it difficult for L.B. to juggle multiple parts of tasks.

L.B. enrolled at Our Lady of Lourdes School in the second half of the 2015-2016 school year, when she was in the fourth grade.  In January 2016, L.B.'s parents presented the psychologist's evaluation to the principal and a special

2

education teacher at Lourdes. They agreed to provide L.B. with services and accommodations given to students with disabilities through a Learning Plan. These accommodations included the provision of study guides and teacher notes, supervision in writing down homework assignments, and an extra set of books at home. It also included pre-teaching new reading vocabulary, providing questions prior to reading, sending passages home, allowing computation aides and a calculator in math, and other in-class accommodations. After these accommodations were implemented L.B.'s experience in school improved significantly.

The principal left the school in 2016. Plaintiffs allege that the fall semester of the 2016-2017 sixth grade school year did not go well for L.B. The new principal did not require the teaching staff to provide L.B.'s accommodations. L.B. also had issues in completing her school assignments in the 2017-2018 school year. Her parents sent numerous communications to L.B. teachers, the principal, and to Pastor Father Theby in an effort to resolve the problems L.B. was having in school.

On February 9, 2018, L.B.'s parents met with the principal, L.B.'s teachers, and Father Theby. They discussed the original accommodations checklist and the teachers agreed to provide the accommodations. The teachers left the meeting. Father Theby was visibly upset with L.B.'s parents. He stated that he had been

3

reading the parents email correspondence with Lourdes staff, and that he did not think that Lourdes was a good fit for any of the family's children.

L.B.'s father defended his wife's emails and noted that the only change since the list of accommodations was made was the change in the principal. In response the principal said that she was not going anywhere. L.B.'s father responded "We will see about that." At that point Father Theby accused L.B.'s father of threatening the principal and informed L.B.'s parents that the family was no longer welcome at Lourdes and that they should leave immediately. L.B. and her two siblings who were at Lourdes were homeschooled for the rest of that school year.

In their second amended complaint Plaintiffs assert a claim under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Specifically, they claim Lourdes violated Section 504's implementing regulations. Plaintiffs allege that Lourdes violated those regulations by:

a. Failing to establish standards and procedures for the evaluation and placement of students who, because of their disabilities, need or are believed to need special education services (34 C.F.R. § 104.35 (b));

b. Failing to provide L.B.'s parents with procedural safeguards, including prior written notice and opportunity for a hearing (34 C.F.R. § 104.36));

c. Failing to designate at least one person to coordinate its efforts to comply with Section 504 (34 C.F.R. § 104.7(a));

4

      d. Failing to provide continuing notice to its participants that it does not discriminate on the basis of handicap and identifying a responsible employee designated to coordinate its compliance (34 C.F.R. § 104.8(a)); and

      e. Failing to adopt grievance procedures that incorporate appropriate due process standards and that provide for the prompt and equitable resolution of complaints alleging any action prohibited by Section 504 (34 C.F.R. § 104.7(b)); and

      f. Refusing to provide Plaintiffs any grievance procedure to resolve the complaints they were submitting to Defendants (34 C.F.R. § 104.7(b)).

Lourdes filed a motion to dismiss these claims arguing that Plaintiffs do not have a private right of action to assert claims based on Lourdes alleged failure to comply with Section 504's implementing regulations. Plaintiffs argue that they have the right to assert these claims.

*Legal Standard*

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the grounds of his

5

entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations omitted).  To survive a motion to dismiss a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.

*Discussion*

The Rehabilitation Act prohibits disability discrimination and applies only to recipients of federal funding.  The prohibition on discrimination is found in Section 504 of the Rehabilitation Act, which provides: "No otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C. § 794(a).  "To prevail on a Rehabilitation Act claim under this section, a plaintiff must establish that she (1) is a qualified individual with a disability; (2) was denied the benefits of a program or activity of a public entity receiving federal funds; and (3) was discriminated against based on her disability." Timothy H. v. Cedar Rapids Cmty. Sch. Dist., 178 F.3d 968, 971 (8th Cir. 1999).

Plaintiffs' second amended complaint does not assert a claim of disability discrimination under Section 504 of the Rehabilitation Act.  Plaintiffs' lawsuit fails to assert any allegation that L.B. was a qualified individual with a disability who was discriminated against based on her disability.  Instead, the basis of Plaintiffs'

6

second amended complaint is that Lourdes failed to implement / comply with the procedural standards and requirements of Section 504's implementing regulations.

Lourdes moved to dismiss the complaint asserting that Plaintiffs do not have a private right of action for Lourdes' alleged failure to implement Section 504's regulations requirements. The majority of courts that have addressed the issue agree with Lourdes' position. See Dopico v. Goldschmidt, 687 F.2d 644, 651 (2d Cir.1982) (holding that even though there was an implied right of action to maintain a suit directly under Section 504, there was no right to enforce the underlying regulations when they appeared to exceed the substantive scope of the statute.); Guckenberger v. Boston Univ., 974 F. Supp. 106, 144 (D. Mass. 1997) ("no cause of action to enforce the Section 504 regulations guaranteeing due process because there is no statutory due process right separate from a right to be free from discrimination.") (internal quotation omitted); A.W. by Ms. C. v. Marlborough Co., 25 F. Supp. 2d 27, 31 (D. Conn. 1998) ("A procedural error, by itself, is insufficient to warrant the protections of the Rehabilitation Act."); Power ex rel. Power v. School Bd. of City of Virginia Beach, 276 F. Supp. 2d 515, 520 (E.D. Va. 2003) ("There is no statutory due process right separate and apart from the right to be free from discrimination… the court declines to expand the scope of Section 504 to provide a private cause of action to enforce a regulatory right to due process…"); H. v. Montgomery Cnty. Bd. of Educ., 784 F. Supp. 2d 1247, 1264

(M.D. Ala. 2011) ("the weight of authority holds that there is no private right of action to enforce § 504's special education regulations, to the extent these regulations create any duties separate and apart from the statutory text."); Thurmon v. Mount Carmel High School, 191 F. Supp. 3d 894, 899 (N.D. Ill. 2016) (where plaintiff failed to raise "an inference that any of the events arising in his senior year stemmed from disability-based discrimination, [] to the extent that he was denied any procedural rights, that claim does not fall under the scope of the Rehabilitation Act.").

In support of their position that the statute's regulations create a private right of action Plaintiffs cite to Mark H. v. Lemahieu, 513 F.3d 922, 935 (9th Cir. 2008). While the Lemahieu court suggested that a private right of action to enforce the regulations may exist it did not ultimately decide whether Section 504's regulations created a private right of action. Instead, it opined that "to be enforceable through the § 504 implied private right of action, regulations must be tightly enough linked to § 504 that they authoritatively construe that statutory section, rather than impose new obligations." Id. at 939. (internal quotation omitted.) The court remanded the case to the district court to determine whether the plaintiff could "bring an action to enforce the § 504 regulations [which would] to be enforceable through the § 504 implied private right of action." Id. at 935.

Plaintiffs also rely on P.P. v. Compton Unified School Dist., 135 F. Supp. 3d

1098, 1119 (C.D. Cal. 2015) for the proposition that Section 504's regulations create a private right of action to enforce them. But the P.P. court found that plaintiffs' lawsuit was distinguished from the Powell decision because the plaintiffs in that case did not assert an underlying discrimination claim along with a claim based on the statute's regulations. Because the plaintiffs in P.P. were asserting discrimination claims directly under Section 504 as well as claims on the regulations, the court declined to dismiss the claims based on the regulations.

I find the line of cases that hold there is no private right of action to bring a claim based solely on a defendant's failure to comply with Section 504's regulations to be more persuasive. As a result, I will grant Lourdes' motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Our Lady of Lourdes Parish and School's motion to dismiss [99] is **GRANTED**.

**IT IS FURTHER ORDERED that** all other pending motions are **DENIED** without prejudice.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 1st day of November, 2023.